UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NORMAN E. DENNEY,

        Petitioner,

v.                                                              Case No. 2:08-cv-109
                                                 HON. ROBERT HOLMES BELL

GERALD HOFBAUER,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

        Petitioner Norman E. Denney filed this petition for writ of habeas corpus challenging

the validity of his state court conviction.  On March 1, 2004, Petitioner was convicted of resisting

and obstructing police and as a fourth habitual offender, and was sentenced to 24 months to 15 years.

        In the opinion of the undersigned, Petitioner's application is barred by the one-year

period of limitation provided in 28 U.S.C. § 2244(d)(1), which was enacted on April 24, 1996, as

part of the Antiterrorism and Effective Death Penalty Act , PUB. L. NO. 104-132, 110 STAT. 1214

(AEDPA).  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a
> writ of habeas corpus by a person in custody pursuant to the judgment
> of a State court.  The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by
> > the conclusion of direct review or the expiration of the
> > time for seeking such review;
> >
> > (B) the date on which the impediment to filing an
> > application created by State action in violation of the
> > Constitution or laws of the United States is removed,
> > if the applicant was prevented from filing by such
> > State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the period of limitation is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C.  § 2244(d)(2).

In this case, § 2244(d)(1)(A) provides the period of limitation.  The other subsections do not apply to the grounds that Petitioner has raised.  Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  The Michigan Supreme Court denied petitioner's application for leave to appeal on March 27, 2006.  Petitioner took no further action.  Petitioner had ninety days to file a writ of certiorari in the United States Supreme Court.

Accordingly, Petitioner had one year from June 26, 2006, to file his habeas application.  Petitioner filed this petition on May 5, 2008.

Therefore, it is recommended that respondent's motion for summary judgment (Docket #7) be granted and the petition be dismissed.

The Court of Appeals has suggested that a habeas petitioner is entitled to notice and an adequate opportunity to be heard before dismissal of his petition on statute of limitations grounds.  *See Scott v. Collins*, 286 F.3d 923, 930 (6th Cir. 2002).  This report and recommendation shall serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as

- 2 -

time-barred.  Furthermore, Petitioner's ability to file objections to this report and recommendation constitutes his opportunity to be heard by the District Judge.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by Petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, if the court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir.

Aug. 27, 2001).  Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny Petitioner's application on procedural grounds that it is barred by the statute of limitations.  Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate.  *Id.*  The undersigned concludes that reasonable jurists could not debate that each of Petitioner's claims are properly dismissed on the procedural grounds that it is barred by the statute of limitations.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 10 days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  December 10, 2008              /s/ Timothy P. Greeley
                                       TIMOTHY P. GREELEY
                                       UNITED STATES MAGISTRATE JUDGE

- 4 -