UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NORMAN E. DENNEY,

    Petitioner,

v.                                               CASE NO. 2:08-cv-109

GERALD HOFBAUER,                HON. ROBERT HOLMES BELL

    Respondent.
_____/

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on a habeas corpus petition filed by Petitioner Norman E. Denney pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) On November 21, 2008, Respondent filed a motion for summary judgment arguing that Petitioner's petition is time-barred by the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1). (Dkt. No. 8.) On December 10, 2008, Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R"), recommending that this Court grant Respondent's motion for summary judgment and dismiss the petition as untimely. (Dkt. No. 9.) Petitioner filed objections to the R&R on December 22, 2008. (Dkt. No. 10.) This Court must review de novo those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner does not dispute that he filed his habeas petition more than one year after the expiration of the time for seeking direct review. *See* 28 U.S.C. § 2244(d). Petitioner argues, however, that the Court should apply equitable tolling and consider his petition timely because Petitioner has made a sufficient showing of actual innocence. *See McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007) ("One form of equitable tolling that we have recognized is a claim of 'actual innocence.'" (citing *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005)). "[T]o be credible [an actual innocence] claim requires new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial . . . ." *House v. Bell*, 547 U.S. 518, 537 (2006) (citations omitted). Under the actual innocence doctrine, an untimely habeas petition will still be considered if the petitioner is able to show that, in light of new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *McCray*, 499 F.3d at 571 (referring to *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "[T]he standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329.

Petitioner does not introduce any new evidence that would lead any rational juror to conclude that he is not guilty of the crimes for which he was convicted. Petitioner argues

2

only that the testimony of Joseph Wilder, the officer that arrested Petitioner, should not have been believed because Officer Wilder's trial testimony was not consistent with testimony during Petitioner's preliminary examination and video-tape evidence documenting Petitioner's arrest. (Dkt. No. 1, Pet'r's Br. 2-3.) However, all of the evidence referred to by Petitioner probative of Officer Wilder's credibility was available and presented during Petitioner's trial. (*See* Dkt. No. 18, Trial Tr. Vol. II, at 291-92 (video-tape), 300-02 (prelim. exam. tr.).) Because Petitioner has not presented any new evidence that he is actually innocent, Petitioner's constitutional claims are barred by the one-year limitations period set forth in § 2244(d)(1). Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the report and recommendation (Dkt. No. 10) are **DENIED**.

**IT IS FURTHER ORDERED** that the report and recommendation (Dkt. No. 9) is **APPROVED** and, combined with the discussion set forth herein, **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Respondent's motion for summary judgment (Dkt. No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's petition under 28 U.S.C. § 2254 (Dkt. No. 1) is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

Dated: March 10, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE